IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 06-00168-01-CR-W-GAF |
| ) | |
| KAMRON DEHGHANI, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Before the court is defendant's motion to dismiss the indictment on the grounds that (1) he did not have internet access during part of the time listed in the indictment, (2) the indictment is multiplicitous, and (3) the indictment is duplicitous. I find that (1) a motion to dismiss is not the proper vehicle to challenge an anticipated variance, (2) the alleged expected variance between the dates in the indictment and the dates defendant believes can be proven will have no effect on a conviction, (3) each of § 2251(d) and § 2252(a)(2) require proof of an element that the other does not, and (4) no count of the indictment charges multiple offenses in a single count. Therefore, defendant's motion to dismiss the indictment should be denied.

*I. BACKGROUND*

On April 20, 2006, an indictment was returned charging defendant with one count of publishing a notice to exchange child pornography over the internet, in violation of 18 U.S.C. § 2251(d); one count of attempted receipt of child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2); one count of attempted distribution of child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2); one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4); and one count of criminal forfeiture pursuant to 18 U.S.C. § 2253(a).

Defendant filed the instant motion to dismiss the indictment on November 27, 2006 (document number 70).

On December 4, 2006, the government filed a response to defendant's motion (document number 87). The government argues that defendant's argument regarding multiple counts charging similar crimes of advertising is without merit because he has confused § 2252A (with which he is not charged) with § 2252(a) (with which he is charged). The government further argues that the dates alleged in the indictment are based on defendant's own statements.

## II. VARIANCE

Defendant first argues that the indictment alleges he engaged in illegal activity using the internet on his computer between September 2005 and March 2006, yet he did not have internet access until January 2006.

A fatal variance between the facts alleged in the indictment and the facts proven at trial is not appropriately raised in a motion to dismiss. At this point, only the indictment exists. Defendant's anticipation of what the government will be able to prove at trial is irrelevant.

Furthermore, even if defendant's allegations in his motion are correct, the difference in dates will not amount to a fatal variance.

> "[A] variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations and prior to the return date of the indictment, as long as the date was not a material element of the crime charged." United States v. Turner, 975 F.2d 490, 494 (8th Cir. 1992) (quoting United States v. Joyner, 539 F.2d 1162, 1164-65 (8th Cir. 1976), cert. denied, 429 U.S. 983 (1976)). The proof showed that the sexual contact occurred within the statute of limitations and prior to the indictment of Mr. Carter. Also, the statutes under which Mr. Carter was convicted do not include as an element of abusive sexual contact the date on which the sexual contact occurred. See 18 U.S.C. §§ 2244(a)(3), 2246(3).

3

United States v. Carter, 410 F.3d 1017, 1025 (8th Cir. 2005).

Defendant's argument is that the indictment charges illegal activity from September 2005 through March 2006, but he had no internet access until January 2006. Even if that turns out to be true, the crimes would still have been committed during the statute of limitations period and prior to the return of the indictment.

Therefore, any alleged difference in dates between the indictment and the proof at trial will not result in the relief defendant seeks.

Because variance is not appropriately raised in a pretrial motion to dismiss, defendant's motion to dismiss on this basis should be denied.

### III. MULTIPLICITY

The term "multiplicity" refers to the charging of a single offense in several counts. United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003); United States v. Dixon, 921 F.2d 194, 195 (8th Cir. 1990); United States v. Kazenbach, 824 F.2d 649, 651 (8th Cir. 1987). The vice of this practice is that multiple sentences may result, or it may suggest to the jury that the defendant committed more than one crime. United States v. Dixon, 921 F.2d at 195.

4

When the same conduct violates two different statutes, courts use the "same elements" test of <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932), which held that charged counts are not multiplicitous if each count requires proof of an element that the other count does not require. <u>United States v. Walker</u>, 380 F.3d 391, 394 (8th Cir. 2004); <u>United States v. Peterson</u>, 867 F.2d 1110, 1115 (8th Cir. 1989).

Defendant argues that he is charged in two counts with one violation of "advertising" and he refers to the two counts charging violations of § 2251(d) and § 2252(a).

In order to establish a violation of 18 U.S.C. § 2251(d), the government must prove that the defendant knowingly published a particular kind of advertisement. The kind of advertisement must satisfy three elements: (1) the advertisement has to seek or offer a visual depiction; (2) the visual depiction has to show a minor engaging in sexually explicit conduct; and (3) that depiction must have been made using a real person, a real minor. <u>United States v. Pabon-Cruz</u>, 255 F. Supp. 2d 200, 211 (S.D.N.Y. 2003).

In order to establish a violation of 18 U.S.C. § 2252(a)(2), the government must prove (1) that the defendant knowingly received a visual depiction which had been shipped or transported in interstate commerce by computer; (2) that

5

the production of the visual depiction involved, and the defendant knew it involved, the use of a minor engaging in sexually explicit conduct; and (3) that the visual depiction was of such conduct. United States v. Fabiano, 169 F.3d 1299, 1303 (10th Cir.), cert. denied, 528 U.S. 852 (1999).

It is clear that the two counts charged in this indictment and mentioned by defendant in his multiplicity argument have different elements. To establish a conviction for § 2251(d), the government must prove an advertisement, but proof of an advertisement is not required under § 2252(a)(2). Likewise, the government must prove that the defendant received a visual depiction in interstate commerce on a computer in order to convict under § 2252(a)(2); however, no such proof is required to convict under § 2251(d).

Because each of the two counts argued by defendant require proof of an element not required by the other, the counts are not multiplicitous and defendant's motion to dismiss on this basis should be denied.

### *IV. DUPLICITY*

Finally, defendant argues that the indictment is duplicitous; however, he fails to offer any explanation as to how the indictment is duplicitous.

6

An indictment is duplicitous if it joins two or more distinct and separate offenses in a single count. United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999); United States v. Brooks, 174 F.3d 950, 956 (8th Cir. 1999). The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense. United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994), cert. denied, 513 U.S. 1156 (1995). The risk inherent in a duplicitous count, however, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act. Id.

Here defendant has failed even to state which count he believes is duplicitous. I have reviewed the indictment and have found no count which could arguably be duplicitous. Therefore, defendant's motion to dismiss on this basis should be denied.

## V.  CONCLUSION

I find that (1) a motion to dismiss is not the proper vehicle to challenge an anticipated variance, (2) the alleged expected variance between the dates in the indictment and the dates defendant believes can be proven will have no effect on a conviction, (3) each of § 2251(d)

7

and § 2252(a)(2) require proof of an element that the other does not, and (4) no count of the indictment charges multiple offenses in a single count.  Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss the indictment.

Counsel and defendant are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 15, 2006

8