# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KAMRON E. DEHGHANI, | ) |
| Movant, | ) Case No. 10-00259-CV-W-DGK |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Pending before the Court is Kamron E. Dehghani's Motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. Docs. 1-2. The Court has reviewed this Motion in conjunction with the Government's Suggestions in Opposition and the Movant's Reply. Docs. 8, 23. The Court has also reviewed the Movant's Motion for return of property, the Government's Response and the Movant's Reply. Docs. 22, 25, 27. For the reasons discussed herein, the Movant's motions are DENIED. A certificate of appealability is also DENIED.

## Background

On April 20, 2006, the Respondent was indicted with four child pornography counts. CM/ECF 4:06-cr-00168-GAF, Doc. 1.[1] The counts were as follows:

1. Count One – Publishing a notice to exchange child pornography over the internet in violation of 18 U.S.C. § 2251(d).

2. Count Two – Attempted receipt of child pornography over the internet in violation of 18 U.S.C. § 2252(a)(2).

3. Count Three – Attempted distribution of child pornography over the internet in violation of 18 U.S.C. § 2252(a)(2).

---
[1] The underlying criminal case will hereinafter be cited as "Crim. Doc. ___."

4. Count Four – Possession of child pornography in violation of 18 U.S.C. §2252(a)(4).

*Id.* The case proceeded to a jury trial before the Honorable Gary Fenner, which commenced on September 17, 2007. Crim. Doc. 304. After two days of trial, the jury convicted the Movant on all counts. Crim. Doc. 305. While in custody prior to sentencing, the Movant attempted to send a letter which made various threats, including some against Judge Fenner. *United States v. Dehghani,* 550 F.3d 716, 719 (8th Cir. 2008). When this became known, the Movant filed a recusal motion. Judge Fenner denied this motion, finding that these were not serious threats but rather an attempt to manipulate the system by obtaining a different sentencing judge. *Id.* On March 5, 2008, Judge Fenner sentenced the Movant to 360 months on Count 1, 72 months on Counts 2 and 3, to run consecutive to Count 1, and 120 months on Count 4, to run concurrently, for a total sentence of 432 months imprisonment. Crim. Doc. 335. The Movant filed a timely notice of appeal, but his conviction and sentence were affirmed by the Eighth Circuit on December 22, 2008. Crim. Doc. 352-1. The Movant did not petition the Supreme Court of the United States for a writ of certiorari. The Movant then filed the instant case on March 17, 2010.

**Standard**

Section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose…or…was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court must order an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b). Absent a showing of cause and prejudice for the procedural default, or actual innocence, a movant cannot bring a claim in a 2255 action that he failed to bring on direct appeal. *Bousley v. United States,* 523 U.S. 614, 632 (1998). Conversely, a movant cannot relitigate claims that were "raised and decided on direct

appeal." *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992); *cf. United States v. Pitcher,* 559 F.3d 120, 123-24 (2d Cir. 2009) (noting that a similar claim based on a "different legal 'ground'" is not barred in a 2255 action).

The Sixth Amendment guarantees legal counsel to all criminal defendants facing potential imprisonment. *Argersinger v. Hamlin,* 407 U.S. 25, 37 (1972). *But see Scott v. Illinois,* 440 U.S. 367, 373 (1979) (holding that the counsel requirement is for convictions resulting in "actual imprisonment" not "fines or the mere threat of imprisonment"). The right to counsel necessarily includes effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). An attorney is constitutionally ineffective only when there was deficient performance—meaning "errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment"—and prejudice—meaning the defendant was deprived of a reliably fair trial. *Id.*

**Discussion**

In Ground One, the Movant alleges that his confession was involuntary. Ground Two claims that charging him with possession and receipt of child pornography constitutes a Double Jeopardy violation because "both have the same elements and one is a lesser-included offense." Doc. 1 at 4. Ground Three alleges "failure to conduct psych exam/evaluation and competency hearing" based on the Movant's belief that the Government was "out to get him…since he was a child" and his alleged suicide attempt. *Id.* at 5-6. Ground Four alleges that Judge Fenner wrongly refused to recuse himself. Ground Five alleges an illegal search of his home and seizure of his computer. Ground Six alleges an illegal sentence in violation of the "parsimony

principle"[2] found in 18 U.S.C. § 3553. Ground Seven raises various ineffective assistance claims. Ground Eight alleges that the jury pool underrepresented or systematically excluded racial minorities. On February 14, 2011, the Movant filed a "Supplemental Motion" containing two additional grounds—(1) that a police forensic specialist tampered with his computer to make it appear that images were accessible to the average computer user and (2) additional arguments regarding the substantive reasonableness of his sentence and the constitutionality of the child pornography guidelines. The Court will consider all ten of these grounds in turn.

### A. The Movant's Case Is Timely

As a threshold issue, the Court finds that the Movant's case is timely. Section 2255 has a one year statute of limitations. 28 U.S.C. § 2255(f)(1). "For the purpose of starting the clock on § 2255's one-year limitation period…a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States,* 537 U.S. 522, 525 (2003). The Eighth Circuit issued its opinion affirming the Movant's conviction on December 22, 2008. The Movant filed no request for panel rehearing or rehearing en banc. Accordingly, pursuant to Supreme Court Rule 13, the Movant had 90 days from December 22 to file his petition for certiorari, which would be March, 23, 2009. While the Court disagrees with the Government's specific calculation of the time for filing, the Court agrees that this case is timely filed because it was filed within one year of March 23, 2009—90 days after the affirmance of his conviction.[3]

---

[2] This is another way of stating the statutory policy that a sentence be "sufficient, but not greater than necessary, to comply with [the statutory factors]." 18 U.S.C. § 3553(a). *See also United States v. Betcher,* 534 F.3d 820, 827-28 (8th Cir. 2008) (rejecting this argument against a 9000-month sentence for various child pornography charges).
[3] The Government would give the Movant 90 days from the filing of the formal mandate pursuant to Federal Rule of Appellate Procedure 41. Supreme Court Rule 13(3) and *Clay* specifically reject use of the mandate as the triggering event for the 90 day certiorari filing period. *Clay,* 537 U.S. at 524-25. Furthermore, the portion of Rule 41 cited by the Government deals with seeking a stay of the mandate, which the Movant did not do.

4

## B. The Movant Cannot Relitigate His Claim of an Involuntary Confession

The Movant represented himself at a suppression hearing during which he argued that the police used coercive tactics to overcome his free will and obtain an effectively involuntary confession. Crim. Doc. 96. Judge Fenner—adopting the Magistrate's Report and Recommendations—denied the Movant's Motion to suppress his statements. The Movant then litigated this issue on appeal, and lost. *Dehghani,* 550 F.3d at 719-21. The Movant raises the same grounds to argue that his confession was involuntary—that he was emotionally distraught during the interview, that detective raised his voice and slammed his hand on the table, etc. These arguments were heard and rejected by multiple levels of the federal judiciary. The Court respects the Movant's right to disagree with those rulings, but the law is clear that he cannot now relitigate them. *Dall,* 957 F.2d at 573.

## C. The Movant's Double Jeopardy Claim is Defaulted

The Movant claims that his conviction for both possession and receiving child pornography violate the Double Jeopardy clause. The Movant did not raise this argument on direct appeal and offers as explanation that his appeal counsel felt that it would be more effective to focus on other issues. The Movant is correct that a conviction for possessing and receiving the same child pornography at the same time would constitute a Double Jeopardy violation. *United States v. Bobb,* 577 F.3d 1366, 1374 (11th Cir. 2009) (citing *Ball v. United States,* 470 U.S. 856, 862 (1985)) (analogizing *Ball's* holding regarding possession and receipt of a firearm). But this is not true when the issue is "two distinct offenses, occurring on two different dates…" *Bobb,* 577 F.3d at 1375. The Indictment charged that the Movant attempted to receive child pornography at various times between September 1, 2005 and March 9, 2006. It also charged, and the Government proved, that the Movant possessed child pornography on March 9, 2006.

The Government argues that its evidence was primarily that the attempted receipt was via Limewire, whereas the Movant admitted that at least some of the material he admitted to possessing was obtained via email. While this may have been the evidence, the jury instructions did not state this, and the overlapping time periods seem to preserve at least the possibility that the jury convicted the Movant of possessing the same material it had convicted him for receiving. However, this does not change the fact that the Movant did not raise this on appeal and that a Double Jeopardy claim is usually not cognizable in a 2255 action. *United States v. Herzog,* 644 F.2d 713, 716 (8th Cir. 1981). Finally, to the extent this claim can be construed as an ineffective assistance claim for his appellate counsel's refusal to raise the issue on appeal, the Court cannot find ineffective assistance based on the strategic decision to focus on certain claims over others, because parties have limited space in their briefs and limited time at oral argument. *Strickland*, 466 U.S. at 681 (holding that "strategic choices must be respected…if they are based on professional judgment").

### D. The Movant's Mental Examination Argument is Defaulted

The Movant claims that Judge Fenner erred by not ordering a mental examination and holding a competency hearing. He again cites his appellate counsel's alleged desire to focus on other issues on appeal to explain his default. The Government argues that the Movant was observed by numerous parties throughout the case and never exhibited any behavior requiring a competency examination. He even represented himself at various hearings, only electing to have standby counsel try the case shortly before the trial was scheduled to begin. Accordingly, there is no reasonable chance for the Movant to show prejudice excusing his default.

### E. The Movant Cannot Relitigate His Recusal Argument

Ground Four asserts that Judge Fenner was obligated to recuse himself in light of threats the Movant made against him and various other people. The Movant appealed this refusal to recuse and the Eighth Circuit rejected his argument, holding that Judge Fenner properly refused to indulge the Movant's far-fetched attempt to manipulate the system into giving him a new sentencing judge. *Dehghani,* 550 F.3d at 721-22. This claim is therefore not cognizable in the 2255 action.

### F. The Movant's Search and Seizure Claim is Defaulted

The Movant claims that the police illegally searched his house and seized his computer, which was crucial evidence. He moved to suppress on this basis that his consent was illegally obtained, which Judge Fenner denied upon the Magistrate's Report and Recommendation. To explain his default, he again offers his appellate attorney's alleged desire to focus on other issues. To excuse this default or show ineffective assistance, the Movant must show prejudice. The Movant testified under oath at trial that he agreed to the search of his computer, making no reference to the alleged duress he was under. This negates any reasonable chance of showing prejudice, because the Movant's testimony was consistent with the Magistrate's findings of fact regarding his consent to search. Crim. Doc. 153 at 5, Tr. at 128. This claim is defaulted and therefore not cognizable in a 2255 action.

### G. The Movant Cannot Relitigate His Sentencing Claims

The Movant alleges that he was subjected to an illegal sentence in violation of the "parsimony principle." He made these arguments to the Eighth Circuit, which rejected them. The Movant was convicted of serious crimes and Judge Fenner properly recognized the inadequacy of the Guideline range, varying upward from 327 months to 432 months. The Eighth

Circuit affirmed the substantive reasonableness of this sentence. The Movant cannot relitigate this claim in a 2255 action.

**H. Ineffective Assistance of Counsel**

The Movant alleges that he received ineffective assistance of counsel at various points in his prosecution and appeal.[4]

**i.  Trial Counsel**

First, the Movant claims that his trial counsel, Assistant Federal Public Defender Anita Burns, failed to contact witnesses for a suppression hearing. At this point in the case, the Movant had elected to represent himself and Ms. Burns was standby counsel only. In other words, Ms. Burns was not actually serving as the Movant's counsel at this time and cannot have been ineffective.

Next, the Movant claims that Ms. Burns should have pursued a theory that he now is pursuing—that the images were not accessible by him and that the detective tampered with the computer to make them appear accessible. The Movant's only support for this theory is that during an initial examination, the detective indicated that he could not find any pornography.[5] Regardless, the Movant's own expert testified that over 100 images were in the active space— that is, not deleted—of the Movant's computer. Tr. at 179. It was not deficient performance to refuse to pursue this baseless theory, and there was no prejudice due to the presence of accessible images.

---

[4] As previously mentioned, the Movant represented himself at various points. The Government asserts that he is now claiming his pro se representation was ineffective, which he cannot do. *See United States v. Brockman,* 183 F.3d 891, at 898 n.7 (8th Cir. 1999) (finding it "well established that a defendant who exercises his right to appear pro se cannot thereafter complain [about] the quality of his own defense…"). Any such claim will therefore be construed as an allegation that he should not have been allowed to proceed pro se.

[5] As noted by the Magistrate, the problem was apparently that the Movant's computer was too slow for the detective's software. Crim. Doc. 153 at 7.

Next, the Movant claims that Ms. Burns misrepresented issues of obstruction and acceptance of responsibility under the Guidelines and that, but for this, he would have accepted a 17-year plea bargain. The Government notes that the 17-year deal referred to by the Movant was a binding plea offer which Judge Fenner did not accept, and was therefore never actually available to him. Accordingly, the Movant can show no prejudice related to any claim premised on the idea that but for some action of Ms. Burns, he would have accepted this plea deal.

The Movant claims that Ms. Burns was afraid of him, thus preventing her from effectively representing him, citing an U.S. Marshals report allegedly made by Ms. Burns. At sentencing, Ms. Burns denied that she ever made such a report or that she ever took any threat against her seriously. Tr. at 234. The Movant provides no more than conclusory allegations that Ms. Burns' alleged fear of him caused deficient performance that prejudiced him, and there is therefore no merit to this claim.

The Movant claims that Ms. Burns should have requested a mental examination or raised a defense based on his mental capacity. The Movant represented himself prior to trial. The fact that he was deemed able to represent himself clearly undercuts any such defense. Crim. Doc. 298 (finding that the Movant knowingly and voluntarily chose to waive his right to counsel). Furthermore, at sentencing, the Government introduced the Movant's statements that he often feigned suicidal ideation "because…it gives him someone to talk to." Tr. at 282. Considering this evidence, there was simply no reasonable basis for a mental examination or defense.

The Movant claims that Ms. Burns should have objected to the admission of certain statements at sentencing, requiring the Government to produce the witnesses. Hearsay is admissible at sentencing so long as it bears "sufficient indicia of reliability to support its probable accuracy." *United States v. Shackelford,* 462 F.3d 794, 796 (8th Cir. 2006). Such was

the case here. For example, the Government introduced the written statements of witnesses who testified consistently under oath at a previous hearing. Tr. at 265.

The Movant claims that Ms. Burns should have objected to the consecutive sentencing. Consecutive sentencing is at the sentencing judge's discretion. 18 U.S.C. § 3584(a). Furthermore, the reasonableness of the sentence was affirmed on appeal. Ms. Burns was not ineffective in failing to make a frivolous, futile objection.

### ii. Appellate Counsel

The Movant asserts that appellate counsel, Steve Moss, was under a conflict of interest because he is employed by the same Federal Public Defender's office as Anita Burns. This claim fails as a threshold matter because the Court has found not ineffective assistance of counsel by Ms. Burns. Furthermore, in the event that the Court had found some problem with Ms. Burns' representation, the Movant would still be required to show more than the fact that trial and appellate counsel share an employer. *Amrine v. Bowersox,* 238 F.3d 1023, 1030 n.4 (8th Cir. 2001) (dealing with counsel for a co-defendant). Next, he asserts various claims that Mr. Moss did not appeal or on which he did not petition the Supreme Court of the United States for a writ of certiorari. The Court has already reviewed various defaulted claims for which the Movant cannot show prejudice. Regarding Supreme Court review, the Movant likewise shows nothing to indicate that any claim, roundly rejected by the Eighth Circuit, would have even been accepted by the Supreme Court, much less ultimately successful.

### iii. Pro se Representation

As discussed *supra* in note four, pro se defendants cannot complain about their own ineffective assistance of counsel. Electing to proceed pro se is a waiver of the right to counsel, and therefore the right to effective assistance of counsel. The Court will therefore consider

whether the Movant should have been allowed to proceed pro se. He now cites his medication regime as a reason that he was not knowingly waiving his right to counsel. This was discussed at the suppression hearing and the Magistrate found no reason to question the Movant's competence to proceed pro se. Further, the mental symptoms which he now claim precluded him from representing himself were diagnosed post-conviction. Finally, the Movant's filings seem to suggest that he was somehow intimidated or forced to represent himself by his CCA cellmate. There is nothing in the record to support that the Movant was somehow coerced into representing himself. To the contrary, the Magistrate urged him to accept Ms. Burns' representation many times, which he finally did—further undercutting the idea that he had "no choice" but to proceed pro se.

## I. The Movant's Claims Regarding the Venire Panel are Defaulted

The Movant claims that the jury venire did not represent a fair cross section of the community because all but two potential jurors were "upper class white folks." As a person of Iranian descent, the Movant is particularly incensed that there were no persons of Middle Eastern origin on the jury panel. The Movant failed to object to the composition of the jury panel at the time, did not raise the issue on appeal, and offers no evidence other than his recollection regarding the race of potential jurors. A criminal defendant is not entitled to have members of any particular racial or ethnic background on a jury or in a jury pool. *Strauder v. West Virigina,* 100 U.S. 303, 305 (1879). Rather, parties are prohibited from using challenges to exclude jurors on the basis of race and the courts are prohibited from "systematically excluding" potential jurors from the selection process on the basis of a protected characteristic. *Batson v. Kentucky,* 476 U.S. 79, 86 (1986) (race-based challenges), *Duren v. Missouri,* 439 U.S. 357, 360 (1979) (jury

11

pool challenges). The Movant presents no evidence of anything of the sort, negating any possibility of showing prejudice excusing his default.

**J. The Movant's New and Renewed Theories of Defense are Not Cognizable in a 2255 Action**

As discussed previously, the Movant now asserts a theory that the images were inaccessible to him and that his computer was tampered with. This is pure speculation and conclusory statements that are undercut by the defense's witness, Mr. Schnack, who testified that approximately 100 images were in the "active space" of the Movant's computer. For this reason, there is no prejudice, and the Movant does not claim actual innocence. He would have to present some evidence to do so, but the fact that he does not even claim innocence makes this new theory unavailable in a 2255 action. The Movant also tries to revive his theory that he could not have committed these crimes because his AOL account was not in service in March 2006. Notwithstanding the fact that the Movant cannot relitigate this theory at this point, the Government has provided proof that AOL reported the Movant's account in January 2006 for advertising child pornography. Doc. 75-2. That, and the fact that the indictment charged the Movant with crimes dating back to September 2005, shows that the Movant can show no prejudice related to this claim.

**K. The Movant's Final Claim is Another Attempt to Relitigate His Sentence**

In his final supplemental claim, the Movant returns to his arguments about his sentence. His sentence was appealed and affirmed by the Eighth Circuit, and cannot be relitigated in a 2255 action.

**L. Miscellaneous Issues**

The Movant raises a number of issues, such as requesting return of evidence, that are not cognizable in a 2255 action. He requests appointment of counsel, which is denied because the

12

Court finds that the record conclusively establishes that he is not entitled to relief. He requests that this case and his criminal case be sealed and that the appellate opinion be unpublished. The Court has no power to change the publication status of an Eighth Circuit opinion, nor is there any authority for sealing this case. *See, e.g., Does I through XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) (describing the general presumption of public access to judicial proceedings).

**Conclusion**

Without recounting each and every claim, the Court finds for the foregoing reasons that the record conclusively shows that the Movant is not entitled to relief. The Movant committed serious crimes and was found guilty beyond a reasonable doubt. His sentence, while significantly above the Guideline range, was justified by his crimes and other conduct and was affirmed on appeal. Accordingly, his Motion is DENIED. A certificate of appealability is also DENIED. All other pending Motions are discharged by this Order.

**IT IS SO ORDERED**

Dated: May 23, 2011  /s/ Greg Kays  
GREG KAYS,  
UNITED STATES DISTRICT JUDGE